Good morning, your honors. Jessica Ellsworth on behalf of Ford Motor Company. The question before the court in this appeal is whether it is more likely than not that at least five million dollars is at issue in a class action complaint that seeks a full refund of the sale or lease price of every Ford F-150 sold or leased in the state of California over a five-year period. The answer to that is is plainly yes. A notice of removal need only include a plausible allegation that CAF's five million dollar amounting controversy requirement is met. And here Ford supported its plausible allegation with a declaration that identified that just a subset of the class, three model years alone, and just looking at sales of those model years included more than 68,000 vehicles. The declaration also pointed out that the average manufacturer suggested retail price for those vehicles was over $45,000. That gets you to three billion dollars that are in controversy based on just that subset of the class. Did the district, did the court below give you any notice that it was considering remanding the case? It did not your honor. After the notice of removal was filed there was no request for remand from the plaintiff. The parties moved to briefing a motion to dismiss which the plaintiff filed its opposition and in its opposition said nothing about there being a jurisdictional problem. It was only at the end of the district court's decision on the motion to dismiss that it decided once there was no longer federal question jurisdiction that it would look to whether CAF's requirement was met. So this was a on a basis that was neither brief nor argued? Yeah that's correct your honor, that's correct. And in doing so there are a number of errors with the district court's analysis. Starting with the fact that it didn't discuss any of the facts from Mr. Fye's declaration that Ford had submitted including that there are. I gather the judge was concerned that you know they can ask for whatever they want in their complaint. They asked for the value I think of what they paid as restitution but that's not under California law what they're entitled to. Well your honor. You have to account for the use of the counts in the complaint and those are three of the counts that the district court identified. It's the the Song Beverly count and the two counts under the California Commercial Code. But two other counts of the complaint that the district court never discussed seek a full refund of the purchase price and that's brought. Under either of those statutes under California law would they be if they prevailed would they be entitled to a full refund? So your honor I think that the question is so one of those counts is an unjust enrichment count and one of those counts is the Consumer Legal Remedies Act. And what this court has repeatedly said is that the amount in controversy cannot be conflated with the amount of damages that are likely to be ultimately recovered. There's nothing that requires an offset in an unjust enrichment count. There's nothing that requires an offset under the Consumer Legal Remedies Act. And just to be clear when there is more than three billion dollars at stake the amount of offset even under the three statutes that involve an offset would have to be more than 99% to get you under CAFA's five million dollar amount in controversy. This is not a close question. This is not like cases where you might be at five million one hundred thousand and there is really some work for the district court to do to see if that is more likely than not. This is a case where Ford's evidence showed and it was uncontested evidence that there was more than 600 times the amount in controversy requirement just from a portion of the class action. I think it's if you read the cases that are cited in the briefs you'll see that cases that are about bags of potato chips, cases that are about strollers, cases that are about energy bars meet the five million dollar threshold without significant effort. A Ford F-150 costs tens and tens of thousands of dollars. What does it cost? Remind me of what the what these trucks sell for. The average manufacturer suggested retail prices is over forty five thousand dollars. It's I can give you the exact number it's in paragraph five of Mr. Fye's declaration it's forty five thousand four hundred and ninety eight dollars and ninety four cents. We've got cases that say there needs to be at least some evidence to support a proposition and I understand the declaration that was submitted probably wasn't submitted with an eye toward proving the proposition because at that stage all you understood all you had to do was put it at issue and and the question becomes suppose I agree with you that it is a good case to be made for the five million dollar barrier to be met is there sufficient evidence to justify a conclusion to that effect now or is this something the district court has to address? Your Honor I think this case is is really on all fours with Watkins and that question. In Watkins there was a declaration that was submitted that the district court did not address in its ruling and that declaration said this is the quote from the decision nationwide sales of zero impact bars for the last four years exceed five million dollars and this court without even holding oral argument found that that statement in the declaration was a sufficient basis to make it more likely than not that more than we have a statement like that in front of us now I mean what we have is a calculation that reaches to a huge number but it's also a calculation that's dependent upon manufacturers suggested retail price I don't think it's a surprise anybody in this room to understand that not all vehicles are actually sold at the sticker price indeed I doubt that very many of those vehicles were sold at the sticker price so already we're moving away from what the declaration offers up doesn't that require some degree of speculation as to how much we move away from that figure so I disagree your honor that it requires any speculation and I would that reasonable chains of logic and reasonable assumptions can be made from the evidence that's before the court if you set aside the sticker price if you have questions about the sticker price just the fact that there are 68,000 plus vehicles alone means that if there is more than $74 for each vehicle at stake in this case you're over the five million dollar threshold five million dollars is not a big number when you're talking about this many vehicles in a very populous state over a five-year period and this court has said if you look at the Ibarra case and the La Crosse case this court fleshed out the idea that while speculative speculative statements aren't enough and you can't have things that are pulled out of thin air you can use as a defendant reasonable chains of logic and that's because all that there has to be at the removal stage is a plausible allegation by a preponderance of the evidence is it likely than not that this complaint seeks to place that issue more than five million dollars when you have two causes of action that alone seek a full refund of the purchase price you have others that seek it may involve an offset you have attorneys fees you have injunctions you have civil penalties there are all sorts of confirmation from the complaint coupled with the number of vehicles and as icing on the cake you can look at the MSRP and get you to the easy conclusion that it's more likely than not that there's more than five million dollars at stake this court has stressed that jurisdictional rules are meant to be quick and simple to apply using the average MSRP that's the figure that a manufacturer has at hand all manufacturers who don't sell directly to consumers whether you're selling through a distributor through a big-box retailer through a franchise you know how many items of you how many products went into a state and what the price was you may not know if they were sold on sale but you can as we pointed out in our brief even if you assume they were sold for 50% of the average MSRP and even if you assume there was a 50% offset you're still at over a hundred and fifty five times the amount in controversy amount there are no further questions I'll reserve my time for rebuttal good morning your honors may it please the court I am Joshua Anaya and I represent Stephen Schneider in this appeal about jurisdiction and evidence jurisdiction is the power for the court to hear a case and to provide relief evidence is the experience about that case it comes from people who talk about things yes thank you your honor and so I would like to be willing to stipulate that that the recovery in this case including the future attorneys fees and costs will not exceed five million dollars your honor I can't make that stipulation why isn't this a federal case under CAFA well I can't make the stipulation because the parties can't confer jurisdiction on a court so regardless of what I believe the case is about Ford hasn't met their burden under a clear error the judge will rule whether there's jurisdiction or not my colleagues simply ask you whether you willing to stipulate to them no I'm not I believe this as you think the damages might exceed five million dollars especially if they include attorneys fees your honor I do hope they exceed five million well then why aren't we in federal court I mean you can argue all you want about Ford having to prove things but Ford actually wasn't put to the test of proving things the court pulled this rabbit out of the hat and I understand maybe why he did it but is there any real doubt that the potential claim here the amount at issue exceeds five million dollars well if you look at the answer that question is no why are we wasting our time well your honor if look at what Ford posited in its brief for the motion to dismiss I understand that we're here on the remand issue but in Ford's brief they said that this is a one-off issue so just for truly believe that this case is three billion dollars or is it a one-person individual case we filed in California any defendant who thinks he has a defense thinks it should be zero that doesn't mean okay we'll treat zero as the amount in controversy of your client the question is what is your claim and your claim on the face of it is wildly over five million dollars I will put forth your honor that the complaint itself does not state any dollar amount and if Ford had removed just on the complaint and just on a notice of removal they would have been fine until plaintiff or the judge contested that then at that point I believe that was judge Parker's point then the parties have the opportunity to prove by real evidence what the amount of controversy that's not what the statute says that's not what our law says what's required it's a plausible allegation yes your honor to start and why is this what's implausible about the other patient that there's more than five million dollars involved I believe it's implausible because mr. Frank after David well before we go to mr. fines after David we have to look at the what relief my client and hopefully the putative class is seeking that's a nominal it's not true you can't avoid federal jurisdiction for example by not including any statement as to the amount in controversy and we're not we have to read the complaint and figure out what it's what it's seeking and you won't stipulate the seeking or collecting less than five million dollars so why should we assume that's all the complaint reaches well if you look at the they didn't know what the amount of controversy was so for took the additional step before removing to add evidence and I believe that step is the key that distinguishes this case from the litany of cases in this court I don't know really you don't know I wrote this case on and you didn't know what you were we're aiming for I don't believe that your honor that's I simply do not believe that well here's the issue your honor we filed in California State Court so the issue I mean you have to be candid with I am candid your honor and so I believe this case more candid with us thank you and yes if we do have a class with 60,000 people and a truck that's $50,000 yes we have a three billion dollar class okay so why are we in federal court for probably stinger time with this or brought us here and and seems to be entitled to bring us so why are we in federal court why are we fighting over this question judge Klausner did not believe that this case belonged to federal court he looked he had reasons perhaps for wanting to get off his calendar but he didn't give a reason for why that the amount in controversy is really less than five million dollars well he your honor he looked at the evidence in front of him the evidence that Ford put in front of judge Klausner with the notice of removal that's the evidence that he had and by looking at that he didn't know it was Ford's job to tell well there are two different problems with that one is that he the issue hadn't been put on the table so Ford really shouldn't have been put to the test at that point but the other issue is I watch your brief and it busy argues that well this this person doesn't have personal knowledge so we should disregard it none of which is ever discussed by the district court you're reaching for reasons why we should disregard what's in front of us even leaving aside the question of whether the question is really in front of the district court at the time it's he answers the question I can't figure out for the life of me how it could be seriously maintained that the amount in controversy this case is less than five million dollars and you still haven't come up with an explanation the most you're saying is it well Ford's got to prove it and my answers to that are first not at that stage and second how is it that it hasn't proven it already because really seems to me like an incredible waste of time and you're and I do believe it's a waste of time to be in federal court we filed this case why calf is there why is it a waste of time for us to take on the question as to whether these cases in federal court and Ford did not put the evidence to show that this case belongs in federal court what offered mr. Fry's declaration and and that's what I I'm looking at with our case law they can do that and they can do that and they did that with the notice of room I you know the question is for me is why isn't that just possibly if you make the reasonable inferences that counsel just went through I don't know why that just doesn't satisfy the problem here with what happened here is judge Klausner he's ruling on the motion to dismiss and all of a sudden he's ah there's no jurisdiction here because I got rid of the one federal claim and it doesn't look like this is really worth and he just he doesn't issue an order to show cause he doesn't do anything to alert the parties he just says you're going to state court and as judge Clifton just said there's a way for him clear as take this case off his docket but there's serious problems with what he did yes your honor you experienced I am relatively new to this firm but I have done I'm relatively new to this you but your firm no our firm has been around for a long time your honor and experience in these things yes I know we do not move to a right so you must have thought it belonged in federal court because you're careful thoughtful lawyers I would agree that we were careful thoughtful lawyers but we did file in California court but the removal was obviously somebody looked at this and said it looks like the removal is okay I don't have the answer to that question well you didn't move as judge Parker just said you didn't move to remand you could have that's things careful thoughtful lawyers do right first thing you look at is general is jurisdiction that's what you told us when you first got up yes you were big on satisfying the jurisdictional issue and I don't believe it's been satisfied in this case because Ford put forth evidence with their notice of removal they told judge Klausen that he could not rely on the complaint itself so they provided and contest that I do not contest it no your honor and so it's teed up with what we have which raises both the questions of how could the that issue at that point since it hadn't really been teed up but more importantly for my purposes how could there possibly be a question at this point factually as to whether the amount of controversy exceeds five million dollars based on what we have in front of us how can you reach any other conclusion and based on what we have in front of us is mr. Fein's declaration he has two sentences that talk about the manufacturers suggest a retail price you can test that I'm not contesting that but what I'm contesting we have that we have the manufacturer suggested retail price not contested I'm good I'm not a factor is the number of vehicles sold do you contest that the reason why I have issues with those is who sold the trucks we know that Ford didn't sell the trucks mr. fine is an engineer he tested vehicle performance how does he know how many trucks were sold in California he looks at business records that's obvious you think Ford doesn't pay attention to how many Ford f-150s are sold in California I believe they do your honor but we're looking at summary judgment type evidence can this not that's that's one of the things you're one of the many things you're confused about all we're looking for is a plausible allegation that the amount in controversy exceeds five million bucks but Ford put forth evidence with its notice of removal and that evidence pretty strongly supports the proposition that there's a plausible basis to conclude the amount in controversy is over five million bucks and and I haven't heard any I hear you trying to poke at that but I haven't heard anything that could possibly support any other conclusion and so that's why this whole thing seems to me like an enormous waste of time and and you're not doing yourself any favors by continuing to argue that there's an issue there unless you can point me towards something that suggests there really is a serious question as to that proposition and your honor I believe it's a serious question because there aren't the facts to show this from you won't stipulate to take in less than five million so and you didn't fire your client counsel at the time it may not have been you your firm did not file a motion to remand no we did it is just impossible to reach a different conclusion unless you point me to such something more than you have so far well your honor since we are here on a clear air addition you don't even know how much you you insofar as we can glean from your answers don't know how much is involved in your own lawsuit we don't at this point your honor we know that it's involved with my client who's had these issues we believe it's a widespread issue because of a bulletin that Ford sent to a lot of people we filed and say you're a big-time class action law firm wouldn't be filing a suit of this nature over one car not at all can we be clear on that yes you're so there are a lot of cars we believe there are a lot of cars how many cars you do you believe we're involved we don't know what did your pre-complaint investigation show the pre-complaint investigation showed the nature of this transmission that's in this f-150 and that transmission is what's causing the problems so that's what's putting the case in controversy that's what we're fighting about here and we don't know transmission one type of transmission many many many many transmission it is one form of transmission that is in many many cars we don't know how many cars we haven't been able to do discovery because we've been in federal court for the past year California is much more liberal discovery that we can get to ten days after we serve but you weren't interested in that because you didn't move to remand so that doesn't make any sense I can't speak your honor to why we didn't remand and I you're the lawyer I am but I and I do not do why can't you speak to why you didn't remand your case it is my case your honor and I don't have a good answer for that right okay sometimes you're better off cutting your losses yes your honor I mean we don't want to use you know words like frivolous or anything like that you know the district court invited this so I understand you're in a somewhat difficult position but at some point no it's really kind of hard to maintain a proposition and you're dogged and refusing to concede you got a problem here but winds blowing pretty strong is no I can appreciate your honor okay very much thank you thank you for answering our questions we gave you a hard time but that's our job you have anything you have any questions you're well you tipped off the stage that the case is submitted at this time and that ends our session for today thank you all very much
judges: Parker, Paez, Clifton